Per curiam

The objection to this witness is as to his competency. The objection is grounded upon this, that if he establishes the will, hisfatlier-j'the legatee, may then he compelled to fulfil the trust he has undertaken. Now in the case of a will, the interest of the witness can only *296 appear by one of these three ways — either by having a legacy expressly and directly bequeathed, which is not the present case; or by having a legacy bequeathed expressly in trust for him, which is also not this case ; or by having a legacy bequeathed to a third person, without any use or trust declared, but upon a secret trust and engagement on the part of the legatee to hold for him — that is-not the present case, for there is no proof that Briley, the father and legatee, hath eter made any such engagement ; and though such a declaration made by the witness, may tend to diminish iiis credibility, it is not sufficient to remove his competency. The witness was sworn, he proved tiie execution of the will, as did also the other subscribing witness — they swore to the sanity of the deceased at the time of the execution. Their testimony agreed in the circumstances attending the execution, such as the place, persons present, time of the day ; and that his name, as « ell as that of one of the witnesses, was written by this other witness, Briley. Their evidence was corroborated by that of Mr. Collins, on Attorney, who swore Briley came to him, requesting him to go to the house of the deceased, and wriie his will for him, and be a witness of its execution. On the other side, it was proven, that the day after the will bore date, the witness Briley shewed it to a near neighbor of the deceased, and told him he wished to prove it at the- next court, ami that the. testator at this time was in good health; that the testator had an only daughter, and said only a few days before the date of the.will, ihat he should make no will as he had but one child — that he was upon good terms with his daughter, though he had formerly been otherwise with her first husband — -that Briley the witness, on the 17th of December, eight days before the will bore date, applied in company with another man, of the name'of fFyatt, a T)r. Jones, lor ratsbane, and got some from him — that some time after, the Doctor saw him, and asked him if he was not the man that had been at bis shop, when he denied that he had — that a Coroner’s inquest was held over the body, and that it was the opinion of the. jury, and the physician who was then examined by them, that the deceased died by poison — his death happened eight or fen days after the date of the will, and Briley and the other w itness, both said he was well at the time of the execution — the testator, a few days before the date of the will. *297 expressed his ill opinion both of the witness Briley, and 0j- |,is fatlier, the legatee, in strong terms. '
Per curiam — Though a fact may be positively sworn to by one or two witnesses, and though the-e witnesses may concur in many of the circumstances, the jury are not absolutély bound to believe the fact they swear to, if they have reason, either from the character of the witness, or the circumstances with regard to that case, to disbelieve them. On the contrary, a gnat number of circumstances coming'from witnesses of good credit, and concurring in the establishment of any position, might establish it. The court then recited the circumstances before stated oil both sides, and left it to the jury upon the consideration of them, to say whether or not this will had been duly executed. The jury found it was not the will of the deceased.